IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES DAVIS, # 148473,       ) | |
|                                ) | |
|            Plaintiff,          ) | |
|                                ) | |
| v.                             ) | CIVIL ACTION NO.  2:04cv437-A |
|                                ) | |
| SGT. FRED COTHRON, *et al.*    ) | |
|                                ) | |
|            Defendants.         ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   PROCEDURAL HISTORY**

In this 42 U.S.C. § 1983 action, plaintiff Charles Davis ["Davis"], an inmate at Kilby Correctional Facility, contends that employees with the Alabama Department of Corrections violated his constitutional rights while he was assigned to the Red Eagle Honor Farm ["Red Eagle"].[1]  Pursuant to this court's order (Doc. # 13), the defendants responded by filing a special report denying Davis' factual and legal assertions and providing evidence in support of their positions.  (Doc. # 17).

The court subsequently informed Davis that the defendants' report would be treated as a motion for summary judgment and ordered Davis to respond to the special report in a manner consistent with Rule 56 of the Federal Rules of Civil Procedure.  (Doc. # 20, p. 2).  Davis responded with an affidavit attached, and the court now addresses the defendants' summary judgment motion.  For the reasons discussed below, the Magistrate Judge

---

[1] The Red Eagle Honor Farm is a corrections facility housing "minimum custody" inmates who are released each day to perform supervised work in the community.  Alabama Dep't of Corrections, *A Proud Past*, *A Bright Future*, *at* http://www.doc.state.al.us/facilities/redeagle.htm.

recommends that the motion be granted.

## II.  STANDARD OF REVIEW

In order to survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce some evidence supporting his constitutional claims. *See* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" **Celotex Corp.**, 477 U.S. at 324. A plaintiff's conclusory, unsupported and self-serving allegations do not provide sufficient evidence to oppose a motion for summary judgment. **Harris v. Ostrout**, 65 F.3d 912 (11th Cir. 1995); **Fullman v. Graddick**, 739 F.2d 553, 556-57 (11th Cir. 1984).

Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which he will bear the burden of proof at trial, summary judgment is due to be granted in favor of the adverse parties upon their properly supported motion. **Celotex Corp.**, 477 U.S. at 322; **Earley v. Champion Intern. Corp.**, 907 F.2d 1077, 1080 (11th Cir. 1990); **Barnes v. Southwest Forest Industries, Inc.**, 814 F.2d 607 (11th Cir. 1987).

Where the evidentiary materials before the court indicate that there is no genuine issue of material fact and that a party moving for summary judgment is entitled to such judgment as a matter of law, the entry of summary judgment is proper. **Celotex Corp.**, 477 U.S. at 322; **Everett v. Napper**, 833 F.2d 1507, 1510 (11th Cir. 1987).

The law is well settled that a *pro se* plaintiff should not be held "to strict accountability of compliance with the rules of procedure" and such a plaintiff's complaint should be construed more leniently than formal pleadings drafted by attorneys. **Holifield v. Reno,** 115 F.3d 1555, 1561 (11th Cir. 1997) (*citing* **Hughes v. Rowe**, 449 U.S. 5, 9 (1980)).

Although factual inferences must be viewed in a light most favorable to the plaintiff and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the essential burden under the summary judgment standard of establishing the existence of a genuine issue of material fact in order to avert summary judgment. **Brown v. Crawford**, 906 F.2d 667, 670 (11th Cir. 1990). Thus, a plaintiff's *pro se* status does not mandate the court's disregard of elementary principles of production and proof in a civil case.

### III.   DISCUSSION

Davis originally asserted the following claims:

- The defendants knowingly ignored medical limitations, including a doctor's order that he be assigned to a bottom bunk and lift no more than 20 pounds.

- They did not allow him to use restroom facilities while working outdoors.

- They issued inadequate clothing, though he alleged no resulting injury.

- They ignored his medical complaints and punished him for not working while sick.

- After he refused to work, they handcuffed him for 5 ½ hours.

(Doc. # 1).

The defendants responded with affidavits denying the allegations and providing incident and disciplinary reports concerning events related to his last two claims. (Doc. # 17). Despite the court's warning that his response to the report should address "each of the claims raised in his complaint" and that failure to do so would result in the court treating as abandoned the claims not addressed, Davis' response referenced only his claims that the defendants forced him to work beyond his medical limitation and ignored his complaint that he was sick. (Doc. # 21, attch.). The court limits its discussion accordingly.

### A.   *Deliberate Indifference*

To prevail in a suit based on allegations that the defendants compelled him to perform work beyond his medically prescribed limitations or prevented him from accessing medical care, Davis must show at a minimum that the defendants acted with deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (specifically referring to "serious" conditions); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *Aldridge v. Montgomery*, 753 F.2d 970, 972 (11th Cir. 1985). Thus, Davis must demonstrate:

- that he had a serious medical condition about which the defendants were aware; and

- that the defendants knowingly subjected Davis to a serious risk of harm. "Negligence or even gross negligence does not satisfy this standard."

*See Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004); *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004).

### B.     *Davis' Complaints of Illness*

In his original affidavit, Davis asserted that on or around 19 April 2004, he complained to defendant Fred Cothron ["Cothron"], a correctional officer II at Red Eagle, that he was sick. (Doc. # 1, attch. p. 1). According to Davis, his chest hurt, his nose was running, he had a wet cough, and he was sweating, though he does not state that he specifically mentioned these symptoms to Cothron. *Id.* He simply stated that Cothron refused to send him for medical treatment and, instead, ordered him to check out for work. *Id.* When Davis refused to check out, Cothron prepared an incident report. *Id.*[2]

Although Cothron's affidavit does not directly address this aspect of Davis' claim, both Davis and the defendants submitted copies of combined disciplinary charges. Those charges and the hearing reports reveal that on the date that Cothron allegedly refused to provide medical treatment, Cothron actually *ordered* him to sign up for sick call. (Doc. # 1, attch. pp. 8-9; Doc. # 17, attch. pp. 10-13). Furthermore, the reports reflect that Davis did not complain about being sick until Cothron and defendant Jerry Redic ["Redic"] confronted him at lunchtime and questioned about his failure to report for work. *Id.*

Davis did not respond directly to the factual allegations in these reports; instead, he alleged generally that the reports were false. (Doc. # 21, p. 3). Although he refused to sign

---

[2]Davis' affidavit attached to his response to the special report does not mention his illness and refers only generally to complaints of pain. (Doc. # 21, attch.). This inconsistency compels the court to ignore this aspect of his second affidavit, which, in any case, is unsupported by other evidence.

the reports upon being charged with rule violations, he later pled guilty to the charge of disobeying a direct order and not guilty to the charge of refusing to work. (Doc. # 17, attch. pp. 2, 4). He also signed for the receipt of the reports after having been found guilty of both violations. (Doc. # 17, attch. pp. 3, 5). In light of the evidence, his accusation is baseless, and Davis has failed to introduce evidence that would raise a question in the mind of a reasonable juror as to whether his complaints were ignored.

Moreover, Davis offered no evidence of the severity of his condition beyond his own description of what appears to have been nothing more than a cold. (Doc. # 1, attch. p. 1). To be considered serious for Eighth Amendment purposes, a medical condition must be "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." ***Kelley v. Hicks***, 400 F.3d 1282, 1284 n.3 (11th Cir. 2005) (citing ***Farrow v. West***, 320 F.3d 1235, 1243 (11th Cir. 2003)).

The symptoms that Davis alleged simply were not indicative of a serious medical need. *See* ***Cooper v. Casey***, 97 F.3d 914, 916 (7th Cir. 1996) ("A prison's medical staff that refuses to dispense bromides for . . . the sorts of ailments for which many people who are not in prison do not seek medical attention does not by its refusal violate the Constitution."); ***Dyer v. Farley***, 1993 WL 439364, at *2 (8th Cir. Nov. 2, 1993) (ignoring complaints of headaches, being cold and of rapid heartbeats is not deliberate indifference to a serious medical need); ***Scott v. Batson***, 872 F.2d 430 (Table), 1989 WL 37292, at *1 (9th Cir. Apr. 10, 1989) ("neither a head cold nor a sore throat . . . is a serious medical need for the

purposes of the Eighth Amendment"). Therefore, summary judgment should be granted on this claim.

*C.     Work*

Davis did not provide a copy of the prescription which purportedly limited him to lifting no more than 20 pounds, but the defendants dispute neither this assertion nor Davis' claim that he informed them of this limitation. (Doc. # 17). However, Davis' submissions lack allegations sufficient for the court to determine whether the defendants actually compelled him to work at all while he was under the medical limitation.[3] For purposes of addressing this motion, the court will assume that the defendants did impose a work requirement.

Notwithstanding the assumptions in Davis' favor, his skeletal, self-serving allegations cannot prevent summary judgment. (Doc. # 1, 21). He asks the court to rely upon common sense to conclude that "logs" (as he described what he was forced to lift) necessarily weigh more than 20 pounds. (Doc. # 21, p. 4). He asks too much of the court, and the court cannot allow him to ask a jury to make the same assumptions, absent supporting evidence. ***Harris***, 65 F.3d 912 (11th Cir. 1995); ***Fullman***, 739 F.2d 553, 556-57 (11th Cir. 1984).[4]

---

[3] He does not provide the date on which he received the medical limitation, the duration of the limitation or the dates he was required to work.

[4] An affidavit from then fellow inmate Robert Williams accompanied Davis' complaint. (Doc. # 1, attch. 6). Williams' statement is anything but clear, but it appears he is stating a general observation that work at Red Eagle involves lifting in excess of 20 pounds. *Id.* The defendants argue that Williams was not assigned to Red Eagle at the same time as Davis and could not have personal knowledge of the events. (Doc. # 17, p. 3). The language of Williams' affidavit as well as the fact that the affidavit was dated after Davis had left Red Eagle was assigned to the Bibb correctional facility support the view that it does not comply with the requirements of Federal Rule of Civil Procedure 56(e).

### IV.   CONCLUSION

Therefore, for the reasons stated herein, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motion for summary judgment be GRANTED and all of plaintiff's claims be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before 12 May 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 29th day of April, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE